IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON PRICE,** | ) | |
| | ) | |
| | ) | 2:24-CV-01561-MJH |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **ARMY REVIEW BOARD AGENCY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

On April 25, 2025, Plaintiff Brandon Price filed a Motion for Default Judgment against Defendant Army Review Board Agency. ECF No. 7. There are several issues with this Motion. First, there is no evidence that Mr. Price served a copy of the Motion for Default Judgment upon the Army Review Board. All pleadings filed by all parties must be served upon the opposing party or parties.

Next, the Motion for Default Judgment is premature. Federal Rule of Civil Procedure 55 sets forth a two-step process for a party to obtain a default judgment against another party. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.).[1]

---

[1] After obtaining a Default, the party may then request the entry of Default Judgment, either from the Clerk, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. Proc. 55(b)(1) & (2). Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. Proc. 55(a) (emphasis added). "Although the Rule refers only to the clerk's entry of default, it is undisputed that the court may impose a default as a sanction." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 n. 11 (3d Cir. 1992).

Finally, it is not clear on the docket that the Army Review Board Agency has been properly served with the original Complaint. On April 30, 2025, the United States Marshal Service, at the direction of the Plaintiff, filed a Process Receipt and Return form on the docket indicating that, on February 11, 2025, Notice of a Lawsuit and Request to Waive Service of a Summons, Waiver of the Service of a Summons, Complaint, and Order were mailed to the Army Review Board Agency. ECF No. 8. Because the Defendant in this case – the Army Review Board Agency – is an Agency of the United States, service must be effected pursuant to Rule 4(i). Rule 4(1) provides that,

> (1) To serve the United States, a party must:
>
> > (A)
> >
> > > (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or
> > >
> > > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> >
> > (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> >
> > (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. Proc. 4(i)(1). Because Mr. Price sues an Agency of the United States, proper service also requires that, in addition to making service upon the United States, the party must "also send a copy of the summons and of the complaint by registered or certified mail to the agency" being sued. Fed. R. Civ. Proc. 4(i)(2). Thus, the Court lacks evidence that the United States and Army Review Board Agency have been properly served.

AND NOW, this 7th day of May 2026, it is hereby ORDERED as follows:

1. Mr. Price's Motion for Default Judgment will be dismissed, without prejudice.

2. Plaintiff will be given until July 7, 2025 to effect proper service upon the United States Attorney in this District, to effect proper service upon the Attorney General of the United States in Washington D.C., and to send a copy of the summons and complaint to the Army Review Board Agency.

3. A Revised Service Order will be entered.

<u>s/<i>Marilyn J. Horan</i></u><br>
United States District Judge

Brandon Price, pro se
APT. 3 150
1st Street
Blawnox, PA 15238